

*542988*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

CARRIE KING

       **Plaintiff,**

-vs-

Case: 2:06-cv-12329
Assigned To: Duggan, Patrick J
Referral Judge: Pepe, Steven D
Filed: 05-23-2006 At 12:25 PM
CMP CARRIE KING V. MRS ASSOC INC (D A)

**MRS ASSOCIATES, INC**

       **Defendant.**

---

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P 48617)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net

---

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **CARRIE KING** (Plaintiff) by and through counsel, brings this action against the above listed Defendant, **MRS ASSOCIATES, INC** (Defendant "MRS") on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

1

Plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and seeks actual damages, punitive damages, costs and attorney's fees.

## II. PARTIES

**1.**

Plaintiff is a natural person and consumer, a resident of Whitemore Lake, Washtenaw County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**2.**

Defendant MRS Associates, Inc is a foreign corporation and a debt collector and is collecting a debt in its pursuit of Plaintiff.

**3.**

Defendant is engaged in the collection of debts from consumers by mail and by telephone. Defendant MRS regularly attempts to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. §1692a(6).

## III. JURISDICTION AND VENUE

**4.**

This court has subject matter jurisdiction over this Complaint pursuant to the FDCAP, 15 U.S.C. § 1692 *et seq.*

**5.**

Venue is proper in the Eastern District-Southern Division of Michigan 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

**6.**

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

**7.**

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3) including a spouse, 15 U.S.C. §1692c(d).

**8.**

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

**9.**

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

**10.**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

**11.**

A debt collector may not contact a consumer at her place of

employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication, 15 USC § 1692c.

**12.**

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V. FACTUAL ALLEGATIONS

**13.**

Plaintiff had a revolving credit card agreement with Bank One that she defaulted on in 2000. In 2004, Plaintiff started to receive many calls at work from MRS who stated she owed them $5300. Plaintiff asked for proof but Defendant said they were sending a sherif to serve Plaintiff at her place of employment with a lawsuit if she did not pay towards the debt. Plaintiff paid $1300 to avoid the embarrassment of being served a lawsuit at work.

**14.**

In April 6, of 2006. Plaintiff started to receive collection calls

from MRS who were again stating that Plaintiff owed $5,000 and again, would not show or provide any proof as to the amount owed. Plaintiff was threatened with court action and she told Defendant that they were not to call her at work anymore.

**15.**

Plaintiff informed Defendant not to call her at work. Plaintiff's boss, Janet Loesche, told MRS to stop calling Plaintiff's workplace. The calls continue today.

**16.**

Soon thereafter, MRS started to call Plaintiff's mother, Patricia Gagacki, with whom, Plaintiff has not lived with in over eight years. Ms. Gagacki informed Defendant not to call her home anymore but the calls continued to Plaintiff's mother's home.

**17.**

In its initial phone contacts and subsequent contacts with Plaintiff, the Defendant has failed to give any notice of Plaintiff's validation rights under 15 U.S.C. § 1692g(a) or 15 U.S.C. § 1692e(11) or notify her five days later of her rights to dispute or validate the debt during any of he calls made to Plaintiff.

**18.**

Since April of 2006, the Defendant has threatened court action against Plaintiff even though none of the debt collector callers for Defendant are licenced to practice law in Michigan, and subsequently, none of the threatened legal actions ever took place against Plaintiff.

**19.**

Further, the Defendants have added charges, costs and interest to the debt such that the Defendants now say Plaintiff owes over $5000 and they refuse to explain the interest, costs and charges they have added on.

**20.**

As a result of the Defendants' wrongful conduct, Plaintiff has suffered statutory, emotional and financial damages, fears that she will lose his job and also seeks his attorney fees and costs under the FDCPA.

**VI.  CAUSES OF ACTION**

**CLAIM AGAINST DEFENDANTS**

**21.**

Defendant MRS has violated the FDCPA, 15 U.S.C. § 1692d(5) by calling Plaintiff at work with the intent to annoy, abuse and harass Plaintiff in connection with the collection of the credit card debt.

**22.**

Defendant MRS has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by contacting Plaintiff at work many times after being asked by Plaintiff and Plaintiff's boss not to contact her have created a risk she could lose her job.

**23.**

Defendant MRS has violated the FDCPA, 15 U.S.C. § 1692c(b) by contacting Plaintiff's fellow employees at work about the debt when MRS was informed not to call again.

**24.**

Defendant MRS has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by repeatedly and falsely misrepresenting the character and the amount of the debt.

**25.**

Defendant MRS has violated the FDCPA, 15 U.S.C. § 1692f(1) by attempting to collect a grossly inflated sum not founded upon any lawful instrument of indebtedness and also adding excessive fees similarly unauthorized.

**26.**

Defendant MRS has violated the FDCPA, 15 U.S.C. § 1692e(2)(A), (5) and (10) by repeatedly misrepresenting the imminent nature of legal action, when none was contemplated and could not be legally brought in the State of Michigan by the MRS Defendant.

**27.**

Defendant MRS has violated the FDCPA, 15 U.S.C. § 1692e(10) by the use of false representations and deceptive means in its telephone contact with Plaintiff, and by failing to alert Plaintiff that the debt collector is attempting to collect a debt and that any statements she makes will be used for that purpose under 15 U.S.C. § 1692e(11).

**28.**

As a result of the actions of Defendants, Plaintiff hired the

undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field as a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $275.00 and hour.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief as against the Defendant:

1. For compensatory damages;
2. For statutory damages;
3. For Punitive damages;
4. For Attorney's fees and costs incurred in this action; and
5. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

This 23nd day of May, 2006.

Respectfully submitted,

THE LAW OFFICES OF BRIAN P. PARKER

_____
BRIAN P. PARKER (P 48617)
Attorney for Plaintiff

JS 44 11/99    **CIVIL COVER SHEET**    COUNTY IN WHICH THIS ACTION AROSE: Washtenaw

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

### I. (a) PLAINTIFFS
Carrie King

(b) County of Residence of First Listed: Washtenaw

(c) Attorneys (Name, Address and Telephone Number)
Brian P. Parker (P48617)
30700 Telegraph Rd., Ste. 1580
Bingham Farms, MI 48025
(248) 642-6268

### DEFENDANTS
MRS Associates, Inc.

County of Residence of First Listed: Ingham
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 2:06-cv-12329
Assigned To: Duggan, Patrick J
Referral Judge: Pepe, Steven D
Filed: 05-23-2006 At 12:25 PM
CMP CARRIE KING V. MRS ASSOC INC (DA)

### II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

### IV. NATURE OF SUIT
Other Statutory Actions — 15 U.S.C. §1692 et seq.

### V. ORIGIN
[X] 1 Original Proceeding

### VI. CAUSE OF ACTION
Fair Debt Collection Practices Act, 15 USC §1692, et seq.

### VII. REQUESTED IN COMPLAINT:
$ DEMAND: $25,000+
JURY DEMAND: [X] Yes

DATE: 5/23/06
SIGNATURE OF ATTORNEY OF RECORD: X

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?   ☐ Yes   ☐ No *(No circled)*

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☐ No *(Yes circled)*

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: